Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, PC
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Fax: (503) 751-2071

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **DIANE L. DRESSLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>**Defendant.** | **Case No. 3:19-cv-2014**<br><br>**COMPLAINT (Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (a)(1)(B))** |

## I. INTRODUCTION

1.

This action is brought on behalf of Plaintiff, Diane L. Dressler, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA"). Dressler seeks to recover from Defendant, The Liberty Life Assurance Company of Boston ("Liberty"), unpaid long-term disability ("LTD") benefits pursuant to the terms of a group LTD policy (the "LTD Policy") issued by Liberty to Dressler's employer, Nike, Inc. ("Nike"), under 29 U.S.C.



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

§1132(a)(1)(B). Dressler seeks her unpaid LTD benefits, interest on her unpaid LTD benefits, her Life Waiver of Premium ("LWOP") benefit, and her costs and attorney fees, pursuant to 29 U.S.C. §1132(e)(1), (f), and (g).

## II. JURISDICTION AND VENUE

2.

Jurisdiction is conferred on this court by 29 U.S.C. §1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits due under the terms of an employee welfare benefit plan, as well as other declarative relief and attorney fees and costs.

3.

Venue is proper in this district court pursuant to 29 U.S.C. §1132(e)(2), and pursuant to 28 U.S.C. §1391.

## III. THE PARTIES

4.

At all times material herein, Dressler was employed by Nike in a graphic designer position.

5.

At all times material herein, Dressler was an insured and/or beneficiary under the LTD Policy.

6.

The LTD Policy is an employee welfare benefit plan specifically covered under 29 U.S.C. § 1002(1).

/ / / /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

7.

At all times material herein, Nike was the sponsor of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(B) and the plan administrator of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(A).

8.

At all times material herein, Liberty insured the LTD policy, was the claims administrator of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(A) and administered Dressler's claim for benefits under the LTD Policy.

## IV. STATEMENT OF FACTS

9.

Dressler developed migraine headaches at or around age 25.

10.

On March 24, 2014, Dr. Madden, Dressler's treating neurologist, diagnosed Dressler with chronic migraine based upon her symptoms and signs and using the criteria established by the International Headache Society ("IHS").

11.

In February, 2015, Dressler suffered an exacerbation of her migraine headaches and applied for short-term disability ("STD") benefits.

12.

By letter dated March 24, 2015, Liberty informed Dressler it had determined she was unable to perform the duties of her job; had determined her date of disability was February 17, 2015; and had approved her claim for STD benefits from March 3, 2015 through April 13, 2015.

/ / / /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

13.

Liberty subsequently approved Dressler's STD benefits through August 17, 2015, the maximum date that STD benefits were payable.

14.

By letter dated August 4, 2015, Liberty informed Dressler it had completed a thorough review of the information submitted; had determined she was unable to perform the duties of her occupation; and had approved her claim for LTD benefits effective August 18, 2015.

15.

By letter dated March 7, 2016, Liberty informed Dressler it had completed a thorough review of the information submitted; had determined she was unable to perform the duties of her occupation; and had approved her claim for LTD benefits effective August 18, 2015.

16.

Liberty's March 7, 2016 letter stated it had determined Dressler was disabled by migraine headaches, neck pain, and bilateral carpal tunnel syndrome.

17.

By letter dated July 1, 2016, Liberty informed Dressler it had completed a thorough review of her eligibility for LTD benefits and had determined that LTD benefits were not payable beyond June 30, 2016.

18.

By letter dated November 21, 2016, Dressler (through her attorney) appealed Liberty's termination of her claim for LTD benefits.

/ / / /

/ / / /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

19.

By letter dated December 6, 2016, Liberty informed Dressler (through her attorney) it had completed its review of her appeal and determined LTD benefits were payable.

20.

By letter dated July 21, 2017, Liberty informed Dressler (through her attorney) it had completed a thorough review of her eligibility for LTD benefits and had determined that LTD benefits were not payable beyond July 21, 2017.

21.

By letter dated November 6, 2017, Dressler (through her attorney) appealed Liberty's second termination of her claim for LTD benefits.

22.

By letter dated January 3, 2018, Liberty informed Dressler (through her attorney) it had completed its review of her appeal and determined LTD benefits were payable.

23.

By letter dated January 9, 2018, Liberty informed Dressler (through her attorney) it had evaluated her based upon her inability to perform the material and substantial duties of her own or any other occupation for which she was or became reasonably fitted for by training, education, or experience, and determined, based upon the medical and vocational information in her claim file and the LTD Policy's change in the definition of disability, that she qualified for continued LTD benefits.

/ / / /

/ / / /

/ / / /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

24.

By letter dated December 26, 2018, Liberty informed Dressler (through her attorney) it had completed a thorough review of her eligibility for LTD benefits and had determined that LTD benefits were not payable beyond December 25, 2018.

25.

By letter dated May 29, 2019, Dressler (through her attorney) appealed Liberty's third termination of her claim for LTD benefits.

26.

By letter dated August 26, 2019, Liberty informed Dressler (through her attorney) it had upheld its decision to terminate her claim for LTD benefits beyond December 25, 2018.

27.

Dressler has exhausted her administrative reviews available under the LTD Policy.

## V. CLAIMS

### FIRST CLAIM –FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

28.

Dressler re-alleges paragraphs 1 through 27, above.

29.

29 U.S.C. § 1132(a)(1)(B) authorizes Dressler to recover benefits due her under the terms of the LTD Policy and to enforce her rights under the terms of the LTD Policy.

30.

By denying Dressler's LTD and LWOP claims and its payment of LTD benefits and the LWOP benefit under the LTD Policy, Liberty has violated and continues to violate 29 U.S.C. § 1132(a)(1)(B).



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

31.

As a result of Liberty's termination of LTD and LWOP benefits due and owing Dressler under the terms of the LTD Policy, Dressler has been damaged in the gross amount of $2,671.50 per month plus her LWOP benefit, commencing December 26, 2018.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Dressler prays that she have and recover judgment in her favor and against Liberty as follows:

(1) Ordering Liberty to approve Dressler's LTD and LWOP claims, her monthly LTD benefit in the gross amount of $2,671.50, and her LWOP benefit, effective December 26, 2018, and continuing through the date of judgment, pursuant to 29 U.S.C. § 1132(a)(1)(B).

(2) Declaring that Dressler shall remain entitled to receive a monthly LTD benefit and LWOP benefit from the date of judgment through age 66 years, 4 months, the maximum benefit period, so long as she remains disabled under the terms of the LTD Policy, pursuant to 29 U.S.C. § 1132(a)(1)(B).

(3) Ordering Liberty to pay Dressler prejudgment interest, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g).

(4) Ordering Liberty to pay Dressler's attorney fees and costs, pursuant to 29 U.S.C. § 1132(g)(1); and

(5) Ordering such other relief as this Court deems just and proper.

DATED this 11th day of December, 2019.

_s/ Megan E. Glor_____________
Megan E. Glor, OSB No. 930178
Attorney for Plaintiff



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400