**Andrew M. Schpak,** OSB No. 044080
aschpak@barran.com
**Josh M. Goldberg**, OSB No. 180414
jgoldberg@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL L. DRESSLER,

Plaintiff,

v.

THE LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

**3:19-cv-02014-BR**

**ANSWER AND AFFIRMATIVE DEFENSES**

For its Answer and Defenses to Plaintiff Diane L. Dressler's Complaint, Defendant[1] Liberty Life Assurance Company of Boston ("Liberty Life"), by and through its counsel, states as follows:

**INTRODUCTION**

1. Liberty Life admits that Plaintiff's claims are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974, as amended

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

("ERISA"). Liberty Life admits that Nike, Inc. ("Nike") sponsored the Nike Inc. Group Disability Plan (the "Plan") to provide disability benefits to certain of its employees. Liberty Life admits it issued a Group Disability Income Policy (the "Policy") to Nike, which at certain times, insured long-term disability ("LTD") benefits from the Plan. Liberty Life admits Plaintiff was, at certain times, employed by Nike, and a participant in the Plan. Liberty Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with other damages, but Liberty Life denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Liberty Life admits Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan," as defined by ERISA. Liberty Life admits this Court has jurisdiction over this action. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that venue is proper in this Court. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## THE PARTIES

4. Liberty Life admits Plaintiff was, at certain times, employed by Nike as a Production Artist. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits Plaintiff was, at certain times, a participant in the Plan sponsored by Nike. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA. Liberty



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Life admits it issued the Policy to Nike, which at certain times, insured LTD benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits Nike sponsored the Plan to provide disability benefits to certain of its employees, and that Nike is the Plan Administrator. Liberty Life admits that the benefit plan at issue in this action is an "employee welfare benefits plan," as defined by ERISA. Liberty Life admits it issued the Policy to Nike, which at certain times, insured LTD benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits it issued the Policy to Nike and was the claims administrator for claims, including the claim submitted by Plaintiff, for LTD benefits from the Plan under the Policy. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 8 of the Complaint.

**STATEMENT OF FACTS**

9. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life admits that Plaintiff



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

submitted a claim for short term disability ("STD") benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that it sent a letter dated March 24, 2015, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, STD benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that Plaintiff submitted a claim for, and at certain times, received STD benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that it sent a letter dated August 4, 2015, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits that it sent a letter dated March 7, 2016, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that it sent a letter dated March 7, 2016, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits that it sent a letter dated July 1, 2016, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits it received a letter from Plaintiff's counsel dated November 21, 2016, appealing the termination of LTD benefits from the Plan, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits that it sent a letter dated December 6, 2016, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits that it sent a letter dated July 21, 2017, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits it received a letter from Plaintiff's counsel dated November 6, 2017, appealing the termination of LTD benefits from the Plan, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits that it sent a letter dated January 3, 2018, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits that it sent a letter dated January 9, 2018, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits that it sent a letter dated December 26, 2018, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life admits it received a letter from Plaintiff's counsel dated May 29, 2019, appealing the termination of LTD benefits from the Plan, and Liberty Life refers to the letter itself



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life admits that it sent a letter dated August 26, 2019, to Plaintiff's counsel, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 27 of the Complaint.

## CLAIMS

### FIRST CLAIM – BENEFITS UNDER 29 U.S.C. § 1132(a)1(B)

28. Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. To the extent that the allegations contained in Paragraph 29 of the Complaint contain legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

30. Liberty Life denies all allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life denies all allegations contained in Paragraph 31 of the Complaint.

/ / /

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## REQUEST FOR RELIEF

Liberty Life denies all allegations contained in of the Request for Relief section of the Complaint, including Paragraphs 1-5 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

32. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

33. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

34. Plaintiff fails to state a claim as to her claim for recovery of waiver of premium ("WOP") benefit for life insurance, as Liberty Life did not issue any life insurance policy to either Nike or to Plaintiff and accordingly, no claim for the WOP benefit was ever received by Liberty Life.

35. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

36. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language.

37. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

38. Liberty Life expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

39. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

40. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

WHEREFORE, Liberty Life prays for judgment against Plaintiff as follows:

(1) That judgment be rendered in favor of Liberty Life and against Plaintiff and that the action is dismissed with prejudice;

(2) That Liberty Life be awarded its costs and reasonable attorneys' fees incurred herein pursuant to 29 U.S.C. § 1132(g); and

(4) That Liberty Life receive such other and further relief as the Court deems just and equitable.

DATED this 3rd day of January 2020.

BARRAN LIEBMAN LLP

By s/ *Josh M. Goldberg*

Andrew M. Schpak, OSB No. 044080
aschpak@barran.com
Josh M. Goldberg, OSB No. 180414
jgoldberg@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By s/ *Iwana Rademaekers*

Iwana Rademaekers, Texas Bar No. 16452560
*Pro Hac Vice* pending
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January 2020, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Megan E. Glor
megan@meganglor.com
John C. Shaw
john@meganglor.com
Megan E. Glor, Attorneys at Law, PC
707 NE Knott Street, Suite 101
Portland, OR 97212

*Attorneys for Plaintiff*

by the following indicated method(s) set forth below:

☑ **Electronic Filing Using the Court's ECF System**

☐ **Email**

☐ **Facsimile**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

s/ *Josh M. Goldberg*
Josh M. Goldberg